IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARMIAN JOINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-CV-682-WKW |
| | ) [WO] |
| TIM DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Modify Scheduling Order and Motion for Leave to File Amended Complaint (Doc. # 25) and Plaintiff's Supplemental Motion to Modify Scheduling Order and Motion for Leave to File Amended Complaint (Doc. # 33). Defendants filed a joint response to the motions (Doc. # 35), and Plaintiff filed a reply (Doc. # 36). Plaintiff's motions are due to be denied.

## I. BACKGROUND

Plaintiff initiated this action in the Circuit Court of Montgomery County on August 17, 2015. (*See* Doc. # 1). She alleges that Defendants are liable for unlawful retaliation, race and sex discrimination, sexual harassment, and outrageous conduct. (*See* Doc. # 8.) Defendants removed the action to this court on September 18, 2015. (Doc. # 1.) Defendant Tim Davis moved to dismiss Plaintiff's original complaint

(Doc. # 5), but in light of Plaintiff's amended complaint (Doc. # 8), that motion was denied (Doc. # 12). A Uniform Scheduling Order was entered on November 19, 2015. (Doc. # 19.)

Plaintiff's original counsel sought and was granted, for good cause, leave to withdraw from the case. (Doc. # 21.) Plaintiff's current counsel filed a notice of appearance on January 29, 2016. (Doc. # 23.) Pursuant to the Uniform Scheduling Order, any motions to amend the pleadings or add parties were due on or before March 1, 2016. (Doc. # 19, at 2.) Plaintiff sought leave on March 26, 2016, to file an amended complaint. (Doc. # 25.) Plaintiff filed a renewed motion (Doc. # 33) seeking leave to amend the complaint and further seeking an extension of her deadline for expert witness disclosures, which was originally set for April 1, 2016 (Doc. # 19).

## II.  DISCUSSION

A motion to amend the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure. Rule 16 provides that the scheduling order may only be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). To show good cause, the moving party must establish that she was unable to meet the deadline despite her diligence. *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998). The moving party fails to show good cause where the basis for the modification rests on information that she knew or should have known before the

relevant deadline. *Kendall v. Thaxton Road, LLC*, 443 F. App'x 388, 394 (11th Cir. 2011). Where the moving party fails to seek out the information it needs to determine whether a modification is necessary, it has not acted diligently to meet the relevant deadline. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009).

With respect to a motion to amend the complaint, Rule 15 of the Federal Rules of Civil Procedure provides that when a party moves to amend a pleading, the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where the moving party seeks leave to amend the complaint after a scheduling order's deadline for amending the pleadings, the moving party must first show good cause for deviation from the scheduling order under Rule 16. *Sosa*, 133 F.3d at 1419. These principles will be applied to the facts at bar.

**A.**     **Motion for Leave to File Amended Complaint**

Plaintiff fails to show good cause for allowing an untimely amendment to her complaint. It is true that Plaintiff's current counsel appeared at a later hour of this litigation. Even accounting for this hiccup in the proceedings, Plaintiff and her counsel had ample time—approximately one month—between the notice of appearance and the deadline for amendments to pleadings. If there was some reason that Plaintiff and her counsel were unable to confer and prepare an amended complaint within this time period, Plaintiff has failed to provide it. Without any

information indicating that Plaintiff was unable to meet the March 1, 2016 deadline for seeking amendments to the pleadings, it cannot be said that Plaintiff worked diligently to comply with the scheduling order.  *See Sosa*, 133 F.3d at 1418.

Plaintiff's counsel represents that the modifications he seeks to make are slight.  This is all the more reason to expect that Plaintiff and her counsel could have made these modifications within the time allowed under the Uniform Scheduling Order.  The amendments are not based on newly discovered information, but rather are based on facts that were apparent to Plaintiff throughout the course of the litigation.  *See Kendall*, 443 F. App'x at 394.  One month should be sufficient, absent extenuating circumstances, to seek out and compile the information necessary for amending the pleadings.  *See Southern Grouts*, 575 F.3d at 1241.  Plaintiff's counsel offers the bare assertion that he was "unable to complete his interviews with Plaintiff prior to March 1, 2016," (Doc. # 25, at 2), but he fails to explain why this was the case.  This is insufficient to show good cause why he was unable to prepare an amended pleading in the time allotted.

Based on the foregoing, Plaintiff has failed to show good cause, as required by Rule 16 of the Federal Rules of Civil Procedure, for allowing an amendment to the pleadings beyond the March 1, 2016 deadline provided in the Uniform Scheduling Order.  To the extent Plaintiff seeks leave to amend the complaint, her motions will be denied.

**B.     Motion to Modify Scheduling Order**

In addition to seeking leave to amend the complaint, Plaintiff requests an extension of all discovery deadlines and dates in the Uniform Scheduling Order for a period of 60 days. Her counsel represents that he needs additional time to receive and review medical records pertaining to Plaintiff's treatment for mental health issues associated with her claims. The deadline for disclosing expert witnesses was April 1, 2016, and Plaintiff filed a motion seeking an extension of that deadline on March 30, 2016. Plaintiff has failed to show good cause for extending discovery deadlines.

The information that Plaintiff's counsel seeks time to review was available to Plaintiff at the time she filed her initial complaint. *See Kendall*, 443 F. App'x at 394. Though Plaintiff's current counsel did not make an appearance until January 29, 2016, he nonetheless had approximately two months to acquire medical records relating to Plaintiff's treatment and determine which expert witnesses he intended to depose or call at trial. These facts militate against a finding that Plaintiff exercised the sort of diligence necessary for a modification of the scheduling order. Plaintiff's counsel merely represents, without providing any further reason, that it is "impossible" for him to disclose experts at this time. (Doc. # 33, at 2.) This is insufficient to meet the Rule 16 standard.

For these reasons, Plaintiff has failed to show good cause for allowing an extension of the discovery deadlines set forth in the Uniform Scheduling Order. To the extent Plaintiff seeks such an extension, her motions will be denied.

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Modify Scheduling Order and Motion for Leave to File Amended Complaint (Doc. # 25) is DENIED. It is further ORDERED that Plaintiff's Supplemental Motion to Modify Scheduling Order and Motion for Leave to File Amended Complaint (Doc. # 33) is DENIED.

DONE this 10th day of May, 2016.

                                        /s/ W. Keith Watkins  
                                    CHIEF UNITED STATES DISTRICT JUDGE